**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 1:21-cr-00160-TJK-3** |
| | : | |
| **FELICIA KONOLD,** | : | **Judge Timothy J. Kelly** |
| | : | |
| **Defendant.** | : | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S *PRO SE* MOTION**
**FOR RETURN OF SPECIAL ASSESSMENT AND RESTITUTION**
**PAID PURSUANT TO PARDONED CONVICTION**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this opposition to defendant Felicia Konold's *pro se* Motion for Return of Special Assessment and Restitution Paid Pursuant to Pardoned Conviction docketed on July 6, 2026. ECF No. 300.

On November 1, 2023, defendant pleaded guilty to one count relating to the events at the U.S. Capitol on January 6, 2021. Min. Entry (Nov. 1, 2023). On January 24, 2024, the Court sentenced defendant to 45 days' incarceration, 24 months' supervised release, $2,000 restitution, and a $100 special assessment. ECF No. 250 (judgment). Defendant did not appeal her convictions or sentences. Accordingly, her convictions became final on February 9, 2024.[1]

In January 2025, nearly one year after defendant's conviction was final, defendant was

---

[1] Where a defendant does not appeal her conviction or sentence, the judgment becomes final upon the expiration of the period within which the defendant could have filed a direct appeal. *United States v. Ingram*, 908 F.Supp.2d 1, 4 (D.D.C. 2012) (citing cases); *United States v. Booker*, 564 F. Supp. 2d 7, 12 (D.D.C. 2008) (same); *cf. Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). This Court entered the judgment in defendant's case on January 26, 2024. ECF No. 250. Under the Federal Rules of Appellate Procedure, defendant had 14 days to file an appeal. Fed. R. App. P. 4(b)(1)(A). Defendant did not file an appeal, so the judgment became final upon the expiration of that 14-day period on February 9, 2024.

pardoned. Proclamation No. 10887, 90 Fed. Reg. 8331 (Jan. 29, 2025).

In a *pro se* motion dated approximately 16 months later, on May 27, 2026, and docketed on July 6, 2026, defendant seeks the return of the monetary penalties she has paid in this case. ECF No. 300. However, as explained below, defendant cannot obtain the return of these funds because her conviction was final at the time of the pardon and has not been vacated.

Generally, a pardon "does not make amends for the past. It affords no relief for what has been suffered by the offender in his person by imprisonment, forced labor, or otherwise; it does not give compensation for what has been done or suffered, nor does it impose upon the government any obligation to give it." *Knote v. United States*, 95 U.S. 149, 153-54 (1877). As a result, a pardon does not "affect any rights which have vested in others directly by the execution of the judgment for the offence, or which have been acquired by others whilst that judgment was in force." *Id.* at 154. When that occurs, "[t]he rights of the parties have become vested, and are as complete as if they were acquired in any other legal way. So, also, if the proceeds have been paid into the treasury, the right to them has so far become vested in the United States that they can only be secured to the former owner of the property through an act of Congress." *Id.*; *see also Ex parte Garland*, 71 U.S. 333, 381 (1867) ("There is only this limitation to its operation: it does not restore offices forfeited, or property or interests vested in others in consequence of the conviction and judgment.").

Thus, for example, in *Fordham v. Georgia Department of Administrative Services*, No. 23- 11214, 2023 WL 5747709 (11th Cir. Sept. 6, 2023), the Eleventh Circuit rejected a defendant's request for "reimbursement of the restitution payments he made before his pardon[.]" *Id.* at *1. The district court in that case had "properly concluded that Fordham's pardon discharged his obligation to make *future* restitution payments." *Id.* at *2. But as to the

restitution payments that the defendant had already made, "[t]he district court transferred all restitution monies to the victims, so the property rights to those funds have fully vested in the Department and Great American.   In short, the money Fordham seeks is long gone. Allowing him to claw back past restitution payments under guise of a presidential pardon would impair the Department and Great American's accrued property rights in that money, an outcome plainly proscribed by the Supreme Court." *Id.*; *see also Boultbee v. United States*, No. 23-1884, 2024 WL 3220261, at *3 (Fed. Cl. June 27, 2024) (dismissing, for lack of subject matter jurisdiction, a Tucker Act claim brought by pardoned plaintiff who sought a refund of all financial penalties collected, and explaining that the "pardon power is not money mandating when the money is paid pursuant to a criminal conviction has vested in a third party").

Here, unlike the defendants in the class of cases she refers to in her motion,[2] defendant received a pardon *after* her conviction was final, and her conviction has *not* been vacated. Accordingly, she cannot obtain the return of the restitution or special assessment she paid prior to receiving the pardon. The Court should therefore summarily deny defendant's *pro se* Motion for Return of Special Assessment and Restitution Paid Pursuant to Pardoned Conviction.

---

[2] Defendant writes that "[n]umerous defendants pardoned under the January 20, 2025 Proclamation have sought, and received, return of fines and restitution paid in connection with their pardoned convictions." ECF No. 300 at 1. The government agrees that some defendants are eligible for return of monetary penalties. *See, e.g.*, *United States v. Stacy Wade Hager*, No. 21-cr-381, ECF No. 83 (D.D.C. Apr. 8, 2025) (government response not opposing the return of monetary penalties); *United States v. Hector Vargos Santos*, No. 21-cr-47, ECF No. 107 (D.D.C. Apr. 11, 2025 (same); *United States v. Yvonne St Cyr*, No. 22-cr-185, ECF No. 136 (D.D.C. Aug. 6, 2025) (same). Critically, the defendants in such cases received a pardon *while their direct appeals were pending*. Their convictions were not final and were therefore vacated following the issuance of the relevant pardon. As discussed *supra* p.1, however, defendant's conviction became final nearly one year *before* she received a pardon and remains intact. Thus, she cannot avail herself of the same relief received by defendants whose convictions have been vacated.

3

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

KACIE M. WESTON
Chief, Special Proceedings Division

*/s/ Thomas Stutsman*
THOMAS STUTSMAN
Assistant United States Attorney
Minnesota Bar No. 0392603
Special Proceedings Division
601 D Street NW
Washington, D.C. 20530
(202) 252-7578
Thomas.Stutsman@usdoj.gov


### CERTIFICATE OF SERVICE

I hereby certify that I caused service of the foregoing to be made through the Court's ECF system on August 6, 2026. I further certify that I caused a copy of the foregoing to be posted for first-class delivery to Felicia Konold through the U.S. mails on August 6, 2026. I sent this pleading to the mailing address the Clerk's Office has on file for Ms. Konold.

*/s/ Thomas Stutsman*
THOMAS STUTSMAN
Assistant United States Attorney